MORRIS SWISSMAN, PROSECUTOR, v. CALIFORNIA GRAPE PRODUCTS COMPANY ET AL., RESPONDENTS

Submitted October term, 1930—Decided January 20, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Brenner & Kresch.*

For the respondent, *Isador Haber.*

PER CURIAM.

Frank Gualtieri and William Massari, partners, trading as Colony Grape Products Company, being indebted to the respondent California Grape Products Company, Incorporated, in the sum of $5,265.55 and being non-residents of

this state, were made defendants by its said creditor in a proceeding in attachment; the writ issuing out of the Hudson County Circuit Court, and, under it, the sheriff of that county attached ten vats of wine, containing eight thousand gallons, and two filters, as the property of such defendants. It is admitted that the wine has an alcoholic content of more than one-half of one per cent. and that the vats and filters were used to prepare and preserve the wine.

After the execution of the writ a motion was made before a judge sitting at Circuit to quash it, and the return made thereon, upon five grounds:

1. A proper levy was not made.

2. The sheriff did not and could not possess himself of the goods mentioned in the return.

3. The goods specified in the return are not the subject of attachment.

4. The sheriff, to whom the writ is directed, is without authority to seize, possess himself of or advertise for sale the goods specified in the return.

5: The attachment, seizure and levy and return are illegal and contrary to the provisions of an act commonly known as the "National Prohibition act."

The learned judge who heard the matter made an order refusing to quash the writ. He seems to have reached the conclusion, bringing forth this order, which is now here under review, upon the ground that any liquor possessed for any of the purposes prohibited under the National Prohibition act or State Enforcement act ceases to be property "and in such instances could not be sold by any person, officer or otherwise, but when as in this case it is being manufactured under a permit granted for the purpose and is being manufactured for other than beverage purposes as in this case, it retains its quality as lawful property and as such can be levied upon the same as any other chattel in satisfaction of a judgment."

Without expressing any opinion upon the reasoning of the learned Circuit judge, whatever force it has, falls, for the reason that from the facts stipulated the defendants in

attachment had no permit to manufacture and sell the wine attached. Therefore the goods attached cannot be said to be property in the hands of the defendants in attachment. It appears that the prosecutor claims to be the owner of the goods attached and that he holds a government permit to manufacture and sell alcoholic beverages.

The parties have stipulated: "The ownership of such chattels is claimed by prosecutor, Swissman, but for present purposes, the ownership is not in dispute."

The evident purpose of this stipulation was to draw from this court its opinion upon the question as to whether or not beverages having an alcoholic content exceeding one-half of one per cent. can be the subject of levy, attachment and judicial sale.

Such opinion we decline to express for the reason that the present prosecutor is not before us with such an interest shown as permits him to have the benefit of this writ and for that reason the writ might well be dismissed, and that would be our disposition of the matter if it were not for the public policy involved under the national and state enforcement acts and, of equal importance, the fact that legality of the acts of a public officer, the sheriff, who made service of the writ, are concerned.

For these reasons, alone, we express ourselves upon the merits but to the limited extent only that under the facts before us, and already adverted to, the property in question is not subject to attachment and therefore the levy and return must be set aside. We do not see that this carries with it a quashing of the writ of attachment. It may make it a useless process in the hands of the attaching plaintiff for lack of goods and property of the defendants, but it is enough to say that no cause is advanced against it as a proper writ of process. The attack is made against the levy and return thereunder, which we find must be set aside.

To that extent the order under review is reversed and modified, with costs to be taxed.